LUKINS & ANNIS ATTORNEYS

601 E. Front Avenue, Suite 502
Coeur d'Alene, ID 83814-5155
t 208-667-0517
f 208-664-4125    lukins.com

January 23, 2015

PETER J. SMITH IV
Attorney
Admitted In: Idaho
psmith@lukins.com
Direct Dial: 208-666-4108

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

  Re: *Smith v. Obama, et al.*, No. 14-35555

Dear Ms. Dwyer,

  Pursuant to Federal Rule of Appellate Procedure 28(j), appellant brings the Court's attention to a declaration by a Drug Enforcement Administration ("DEA") agent filed in a criminal case on January 15, 2015, disclosing for the first time the existence of another program of bulk collection of Americans' phone records. The disclosure is relevant because it illustrates how broadly the government applies its belief that the bulk collection of "third party" "metadata" implicates no Fourth Amendment interests.

  The attached declaration of DEA Assistant Special Agent in Charge Robert Patterson reveals the DEA used administrative subpoenas to collect in "bulk" the international phone records of Americans calling an undisclosed number of foreign countries "determined to have a demonstrated nexus to international drug trafficking and related criminal activities." The statute used by the DEA—21 U.S.C. § 876—authorizes the issuance of subpoenas for the production of "any records . . . which the Attorney General finds relevant or material" to drug-related investigations.

  In this case, the government has mechanically applied *Smith v. Maryland* to all "third party records" regardless of any other features of the government's surveillance operations, such as scope or duration. At oral argument, both Judges McKeown and Hawkins asked the government to identify a limiting principle for this position. *See* conversation beginning at 1:05:00 of http://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000006815]. Government counsel pointed to statutory limitations on the government's collection powers, but did not identify any limiting constitutional principle. Instead, attempting to obscure how its broad interpretation of *Smith* would permit bulk collection in contexts far removed from this one, the government repeatedly

Molly C. Dwyer
January 23, 2015
Page 2

emphasized the national-security character of the program and the supposed safeguards in place to prevent abuse.

However, the DEA declaration makes clear the government asserts this broad interpretation of *Smith* in situations beyond national security. Importantly, section 876 does not require prior judicial review, contains none of the safeguards heavily relied upon by the government here and is not limited to terrorism and foreign-intelligence investigations. Yet the result—bulk collection—is the same, confirming what appellant has warned: that there is no limitation to the government's expansive interpretation of *Smith*.

Respectfully submitted,

*/s/ Peter Smith*
Peter J. Smith IV
LUKINS & ANNIS, P.S.
601 E. Front Avenue, Suite 502
Coeur d'Alene, ID 83814

Lucas T. Malek
LUKE MALEK, ATTORNEY AT LAW, PLLC
721 N 8th Street
Coeur d'Alene, ID 83814

Cindy Cohn
David Greene
Hanni Fakhoury
Andrew Crocker
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109

Jameel Jaffer
Alex Abdo
Patrick Toomey
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004

Molly C. Dwyer
January 23, 2015
Page 3

        Richard Alan Eppink
        AMERICAN CIVIL LIBERTIES UNION OF
        IDAHO FOUNDATION
        P.O. Box 1897
        Boise, ID 83701

        *Counsel for Plaintiff-Appellant ANNA J. SMITH*

cc:    All Counsel of Record

LAW ENFORCEMENT SENSITIVE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.: 13-274 (RC) |
| | : | |
| v. | : | |
| | : | |
| SHANTIA HASSANSHAHI, | : | *Ex Parte* Pursuant to Court Order |
| | : | Filed Under Seal |
| Defendant. | : | |
| | : | |

## DECLARATION OF ROBERT PATTERSON

1. I am an Assistant Special Agent in Charge at the United States Drug Enforcement Administration ("DEA"), which is a component of the Department of Justice. I have held this position for 8 years. Based on my current role within DEA, I am familiar with the database that is described below. This declaration is based on my personal knowledge and on information that has been provided to me in my official capacity.

2. I make this declaration in response to this Court's December 1, 2014 Order directing the government to "provide the Court with an *ex parte* declaration summarizing the contours of the law enforcement database used by Homeland Security Investigations to discover Hassanshahi's phone number, including any limitations on how and when the database may be used." I understand that the phone number referenced in the Court's Order as "Hassanshahi's phone number" is 818-971-9512 (hereinafter, "the 818 number").

3. As described in the previously filed, public affidavit of Joshua J. Akronowitz, Government investigators learned that there was reason to believe that Iranian telephone number 982144406457 (hereinafter, "the Iranian number") was relevant to an ongoing federal criminal investigation. The Iranian number was queried in a federal law enforcement database ███ ███████ ██████████ the database indicated that a call had been placed from the 818 number to the Iranian number.

4. This database ▮▮▮ consisted of telecommunications metadata obtained from United States telecommunications service providers pursuant to administrative subpoenas served upon the service providers under the provisions of 21 U.S.C. § 876. This metadata related to international telephone calls originating in the United States and calling ▮▮▮ designated foreign countries, one of which was Iran, that were determined to have a demonstrated nexus to international drug trafficking and related criminal activities. This metadata consisted exclusively of the initiating telephone number; the receiving telephone number; the date, time, and duration of the call; and the method by which the call was billed. No subscriber information or other personal identifying information was included in this database. No communication content was included in this database.

5. As noted, this database was a federal law enforcement database. It could be used to query a telephone number where federal law enforcement officials had a reasonable articulable suspicion that the telephone number at issue was related to an ongoing federal criminal investigation. The Iranian number was determined to meet this standard based on specific information indicating that the Iranian number was being used for the purpose of importing technological goods to Iran in violation of United States law.

6. Use of the ▮▮▮ database ▮▮▮ that returned the 818 number was suspended in September 2013.[1] This database ▮▮▮ is no longer being queried for

---

[1] ▮▮▮

LAW ENFORCEMENT SENSITIVE

investigatory purposes, and information is no longer being collected in bulk pursuant to 21 U.S.C. § 876.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Robert Patterson
Assistant Special Agent in Charge
U.S. Drug Enforcement Administration

LAW ENFORCEMENT SENSITIVE

9th Circuit Case Number(s) | 14-35555

NOTE: To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*****************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | Jan 23, 2015 |.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s/ Peter J. Smith

*****************************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) [          ].

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

[                                                                          ]

Signature (use "s/" format) | /s/ Peter J. Smith