**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave., NW, Rm. 7260
Washington, DC 20530

DJ # 145-1-2793

H. Thomas Byron III
H.Thomas.Byron@usdoj.gov

Tel: 202-616-5367
Fax: 202-514-8151

February 13, 2015

**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
 for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Smith* v. *Obama*, 9th Cir. No. 14-35555; response to plaintiffs' Rule 28(j) letter (Jan. 23, 2015)

Dear Ms. Dwyer:

Plaintiff brought a constitutional challenge to a government counter-terrorism program authorized by statute, conducted pursuant to specific court orders, and subject to oversight by the Judicial, Legislative, and Executive Branches of the federal government. See Gov't Br. 5-19. In her January 23 letter, plaintiff points to a recently disclosed DEA database containing telecommunications metadata obtained by subpoena under a different statute, 21 U.S.C. § 876. DEA's discontinued use of subpoenas to establish such a database is irrelevant to this appeal.

As the district court recognized (ER 3, 5, 8), under *Smith* v. *Maryland* and this Court's precedents, plaintiff does not have a constitutionally protected expectation of privacy in non-content telephony metadata that the government obtains from third-party business records. See Gov't Br. 37-60. Contrary to the suggestion in plaintiff's January 23 letter, the government's interpretation of those precedents is not unduly "expansive." Rather, plaintiff has offered no basis for distinguishing the application of that well-established principle to this case, and has shown no constitutional injury—neither a likelihood that metadata concerning her calls has been collected nor any actual review of any such metadata.

- 2 -

Plaintiff's reference to a different (and defunct) program does not support her position. A decision in this case that plaintiff has shown no violation of her constitutional rights under the Section 215 program—in which the NSA acquires and queries telephony metadata on strictly limited conditions set and monitored by Article III Judges, with inter-agency and congressional oversight, in support of authorized national security investigations, which are intended to identify terrorist threats and prevent attacks—would not necessarily compel a decision about the application of the Fourth Amendment to third-party information in other contexts. *See* Gov. Br. 49, 54-59, 61-68.

Sincerely,

*/s/ H. Thomas Byron III*

H. THOMAS BYRON III
Attorney

cc: counsel of record (by cm/ecf)