**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave., NW, Rm. 7260
Washington, DC 20530

DJ # 145-1-2793

| | |
|---|---|
| Henry C. Whitaker | Tel: 202-514-3180 |
| henry.whitaker@usdoj.gov | Fax: 202-514-8151 |

May 21, 2015

**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
 for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Smith* v. *Obama*, 9th Cir. No. 14-35555; response to plaintiff's Rule 28(j) letter (May 12, 2015)

Dear Ms. Dwyer:

Plaintiff has submitted *ACLU* v. *Clapper*, No. 14-42 (2d Cir. May 7, 2015), as supplemental authority.

Contrary to plaintiff's suggestion, the *ACLU* decision has no bearing on the constitutional claims she has raised in this case. The Second Circuit in *ACLU* rested its decision wholly on statutory grounds and did not decide whether the program infringes the Fourth Amendment. Slip op. 53-90, 93. The *ACLU* court did, however, decline to issue an injunction against operation of the program, acknowledging the gravity of "the asserted national security interests at stake." *Id.* at 95; *contra* Pl. Br. 38-39. Moreover, the court noted the current June 1, 2015 sunset date of the legislation authorizing Section 215, and that Congress is currently considering whether to amend the statute with or without substantial changes. *Id.* at 95-96.

Plaintiff also mistakenly argues that the *ACLU* decision supports her argument that she has standing to sue. That argument overlooks a fundamental distinction between this case and *ACLU*. As the Second Circuit observed, the plaintiffs in *ACLU* are subscribers of Verizon Business Network Services (VBNS), and the government did not dispute that it has collected telephony metadata under the Section 215 program from VBNS. *Id.* at 13, 23, 27-28. Here, by contrast,

- 2 -

plaintiff is not a subscriber of VBNS. *See* Gov. Br. 31-32. Plaintiff's claim to injury is therefore speculative, and fails to establish standing for the same reasons the Supreme Court articulated in *Clapper* v. *Amnesty International USA*, 133 S. Ct. 1138, 1146 (2013). *See* Slip op. 28-30 (discussing *Amnesty International*).

Contrary to the Second Circuit's and plaintiff's suggestion, moreover, the government has *not* conceded that the Section 215 program collects "virtually all" telephony metadata, and in fact has repeatedly explained that we do not. *See, e.g.*, Gov. Br. 32-33. We have been unable to elaborate further not because we agree with plaintiff's unsupported characterization, but instead because, among other reasons, the identities of the telecommunications companies involved in the program remain classified. *Id.* at 33.

        Sincerely,

        */s/ Henry C. Whitaker*

        Henry C. Whitaker
        Attorney

cc: counsel of record (by cm/ecf)