FILED

JUN 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNA JO SMITH,<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>BARACK OBAMA, in his official capacity as President of the United States of America; JAMES R. CLAPPER, in his official capacity as Director of National Intelligence; KEITH B. ALEXANDER, in his official capacity as Director of the National Security Agency and Chief of the Central Security Service; CHARLES T. HAGEL, in his official capacity as Secretary of Defense; LORETTA E. LYNCH, Attorney General; JAMES B. COMEY, in his official capacity as Director of the Federal Bureau of Investigation,<br><br>        Defendants - Appellees. | No. 14-35555<br><br>D.C. No. 2:13-cv-00257-BLW<br>District of Idaho,<br>Boise<br><br>ORDER |

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

      Anna Smith challenges the constitutionality of the collection of metadata pursuant to § 215 of the USA PATRIOT Act, codified at 50 U.S.C. § 1861, which ceased to have effect on May 31, 2015. On June 2, 2015, the 114th Congress passed, and the President signed, the USA FREEDOM Act, which significantly

alters procedures for the retention and query of telephony metadata. *See* H.R. 2048, 114th Cong. (2015) (enacted); 161st Cong. Rec. S3419-635 (daily ed. June 2, 2015). Now, key parts of § 215 are no longer operative.

The parties are directed to submit supplemental briefing not to exceed ten pages on: (1) whether Smith's claim for a declaration that § 215 violates the Fourth Amendment of the Constitution and her request for a preliminary and permanent injunction preventing the United States from collecting her metadata should be dismissed as moot given that § 215, as it existed at the time of the district court's June 3, 2014 order and at the time of briefing and argument in this court, has ceased to have effect; and (2) whether Smith's request for an order requiring the United States "to purge all . . . metadata of . . . Smith's communications" collected pursuant to § 215 is also moot or should be remanded to the district court to determine whether such a remedy is available. The parties shall submit such supplemental briefs no later than Friday, June 19, 2015.