IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| Anna J. Smith<br>    Plaintiff-Appellant,<br><br>v.<br><br>Barack Obama et al.<br>    Defendants-Appellees. | No. 14-35555 |

**RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

Plaintiff has requested that the Court take "judicial notice" of her claim that "Verizon Wireless has participated in the NSA's phone-records program," which she describes as a "fact established by a government filing in the Foreign Intelligence Surveillance Court [FISC]." Request at 1. Plaintiff apparently believes that such a conclusion can be drawn from a reference to a company name that includes the term "Verizon Wireless" in the caption of a purported FISC filing.

Plaintiff's request for judicial notice is improper. Whether Verizon Wireless has participated in the Section 215 bulk telephony-metadata program is not "an adjudicative fact," within the meaning of the rule

plaintiffs invoke. *See* Fed. R. Evid. 201(a). An adjudicative fact is one that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," *id.*, such as when the document was filed, *see Trigueros* v. *Adams*, 658 F.3d 983, 987 (9th Cir. 2011). It is not appropriate to take judicial notice of disputed factual matters. *See Lee* v. *City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

Plaintiff asserts (Request at 3) that the document she relies on was released by the government in response to a Freedom of Information Act (FOIA) request. But plaintiff does not contend that this document was declassified, and in fact the government has not confirmed the authenticity of the document plaintiff has produced or of any facts plaintiff purports to infer from it. The identities of the providers who have participated in the Section 215 bulk-telephony metadata program, apart from the fact that Verizon Business Network Services (VBNS) participated for a time in 2013, remain classified. *See* Gov't Br. 31-33. The extent to which any other carrier has participated in a government intelligence-gathering program could not be deduced merely from the caption of any purported legal

filing, especially one that does not specify the scope of a proceeding, or state explicitly the nature of the carrier's involvement in a particular matter being addressed.

## CONCLUSION

For the foregoing reasons, plaintiff's request for judicial notice should be denied.

                                  Respectfully submitted,

                                  DOUGLAS N. LETTER
                                (202) 514-3602

                                H. THOMAS BYRON III
                                (202) 616-5367

                                **/s/ Henry Whitaker**
                                HENRY C. WHITAKER
                                (202) 514-3180
                                    Attorneys, Appellate Staff
                                    Civil Division
                                    U.S. Department of Justice
                                    950 Pennsylvania Ave., N.W.
                                    Room 7256
                                    Washington, D.C.  20530

SEPTEMBER 2015

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2015, I electronically filed the foregoing Response To Plaintiff's Request For Judicial Notice with the Clerk of the Court by using the appellate CM/ECF system.

I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                     **/s/ Henry Whitaker**
                                                   Henry Whitaker